Good morning. May it please the Court, I made an inexcusable mistake in the district court because I believed that I had ten business days plus three days to file my motion to reconsider. As a result of that, instead of being able to present you with multiple issues requiring reversal of the district court's order denying the writ, there's only one issue left and an abuse of discretion standard. Nonetheless, I don't believe that my client has to spend the rest of his life in prison because of my mistake. I hope to persuade you in my briefs and today that the district court abused its discretion when it denied the motion to reconsider. The State's primary argument before this Court is that there was no abuse of discretion because the Petitioner in his motion essentially rehashed the arguments he made before the district court's order denying the writ. Well, this isn't true because the district court in its order came up with reasons for denying the writ which the State had never made and consequently we never addressed. Excuse me. Could I interrupt with just a procedural question about the procedural posture of this case? When you presented, when Mr. Leslie presented the prosecutorial misconduct issue to the State court of appeal, did the State court address it, not address it? I think the district court said it was silent on that issue. How was that presented? Was that in your papers to the State court of appeals on habeas? You know, I think I made part of the due process, the prosecutorial argument in the habeas in the court of appeal, but I'm not certain that I did. But I know I raised it in the Supreme Court petition for habeas and it was just a flat denial. There was no discussion. Just the writ is denied. It just said denial and it didn't discuss the individual? Correct. Okay. So as the court below observed, there's no reasoned decision of the State court, so just a flat denial of the writ. Thank you. The ‑‑ I'd like to address primarily the prosecutor's false statement and closing argument that the non-testifying witness told the police officer that she saw, she saw Petitioner stab the deceased. In the court below, the State's only argument was that this was fair comment on the evidence. The district court came up with a different reason for denying the writ on this particular ground. It suggests that the false statement was merely a mischaracterization of the evidence that may have innocently been made in the spontaneity of exigencies of trial. The State argued in its briefing below that if there was an error, it was in any event harmless because the proof of guilt was overwhelming. Well, the district court below didn't find the evidence of guilt to be overwhelming. Instead, it came up with a different prejudice argument or analysis, namely that it didn't think it was likely that the prosecutor's mischaracterization would have affected the outcome of the trial because the jury was instructed that argument is not evidence and because the jury asked for a readback of the police officer testimony. That's what I addressed in the Rule 59 motion for reconsideration because I thought that the district court was clearly erroneous on those points. I'd like to address them a little bit. What we're really giving you is a 60B review because you missed the other deadline, and you're raising the exact same issues that you would raise on direct appeal if you'd done it timely. What's the difference in standard for us? Well, I'm not sure I can really articulate it. In the Coon case, the Supreme Court said that an abuser discretion standard does not mean that a mistake of law is beyond appellate correction. A district court, by definition, abuses discretion when it makes an error of law. The abuser discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions. I believe that in denying the motion for reconsideration, the court below was guided by wrong legal conclusions and that the court had been clearly erroneous when it denied the writ in the first instance. I actually thought that it was also a manifest injustice, but I'm like, you know, I think we can focus more on whether that decision was clearly erroneous. And I believe that's the standard that makes it a little bit different than if I had been timely and filed the notice of appeal when it should have been filed. But isn't the issue for whether the district court erred in its decision, whether it misapplied the AEDPA standard? In other words, that it's in reviewing the record as a whole, the State court's denial of the prosecuting misstatement issue was not contrary to or an unreasonable application of the Supreme Court precedent. So I would be interested in hearing why the district court was erroneous in its application of the AEDPA standard. Well, because the State court didn't give a reasoned decision, so I don't think that that particular standard actually applied to the issue before the court below. In other words, it had the ability for de novo consideration of the issues because there was no State court reasoning to defer to. There's certainly no factual findings. Now, our case law indicates that where the State court is silent, the district court is to review the record as a whole, and it doesn't matter that the State court has not specifically addressed that particular issue. That's correct. But I think in reviewing, of course, this court has the same record to review that the district court below had. And I think that in reviewing that entire record in light of the misconduct that appears in that record, that it reached an erroneous conclusion, clearly erroneous conclusion, that there was no harm to my client, that the error was harmless, or that it might not have been error because the prosecutor in the State trial may have just innocently and spontaneously made his false statement. Let me get to the substance. Let's jump through all the hoops and get to the argument you wanted to raise in the first place. And let me explain to you really my problem with that argument. It seems to me that the argument is premised upon accepting the truth of the sentence that you've picked out of the police investigation report, that is, the statement by the detective that the given witness, I think it's Potter, did not see defendant stab McWhirter. But there's no reason that we have to or any court has to accept that statement as truth. It is simply a statement that appears in an investigative report, which could be used to cross-examine the detective, but isn't something that's gospel. Something that's handed down from heaven is necessarily so. And all of your argument depends upon the alleged falsity of the testimony, the alleged misconduct of the prosecutor is premised upon the notion that statement must be true. But what tells us that statement must be true? Why can't the prosecutor fairly rely upon what the detective actually testifies to at trial and draw what inferences might be drawn from that? Well, what I presented in the record is the entire summary of Luke, I can't recall his rank, police officer Cruz's investigation. Sergeant Cruz. Sergeant Cruz. And he flatly says that in his interview of Betsy Potter, she said she did not see. Well, he says that in his written investigative report. I accept that. Doubt it. But what says that's true when everything else is false? That note could be wrong. There could be lots of explanations. There are lots of things in written material that turn out not to be the case. Your whole argument is premised upon that statement being true, yet that wasn't proven at trial. So why is it we have to accept as a premise that that statement is literally the truth? Well, I think that's the only evidence that we have on the truth or falsity of that particular assertion of the prosecutor. And possibly the case should be reviewed. If somebody is allowed to go through all sorts of documents and pick out any statement after the trial and say, well, the testimony at trial was inconsistent with that statement, and so as a result there's misconduct, I don't think a single trial survives. Because there's always inconsistencies in the record. I mean, so unless you can give me some other reason for why we have to accept that statement as the truth and everything else that's not consistent with that statement as inherently false and deliberately false, I just don't know where your argument goes. Well, Your Honor, I don't believe I can embellish my argument on that point greatly, but if that is the crucial issue, then the Court should have had an evidentiary hearing on that particular question to find out maybe by calling Betsy Potter and Sergeant Cruz. Why is that the Court's job instead of the defense task at trial? Well, I would think that if the State had evidence to suggest that there might be some explanation for the officer saying that she didn't say X when she actually said X, that the State would have at least presented that evidence in some fashion, either in the State court habeas, which it didn't, or in the court below. Certainly, if there was any evidence that there was some explanation for it, some innocent explanation for it, the State couldn't come forward with that, or in the court below, if it thought there was some ambiguity that could be explained, should have had an evidentiary hearing. In other words, my client shouldn't spend the rest of his life in prison because the prosecutor testifies to a fact that probably is untrue. In my mind, it's certainly untrue because it directly contradicts the officer's notes made fairly contemporaneously with the interrogation. In this case, I know we're over time, but the jury had a readback on the officer's testimony, and the jury was also told that the prosecutor's argument is not evidence. So when the district court said, you know, this thing was properly determined and that the jury was probably not misled, how can we say that that's clearly erroneous as a matter of law? Well, because the readback doesn't correct the error. There's nothing in Cruz's testimony that clearly says that Betsy Potter did not see my client stab the deceased. So the readback just doesn't do anything. When the prosecutor was making his argument about these heresy statements that came into the trial, he conflated testimony that somebody saw the stabbing, received that my client did the stabbing. For example, on page 7 of the excerpts of record, he argues, Buck stabbed Joe. Buck is my client. Joe was his friend. Buck stabbed Joe. Lee Williams has told you Buck stabbed Joe. Well, Lee Williams testified that he saw Buck stab Joe. So the prosecutor summarizes that testimony by merely saying he said Buck stabbed Joe. Sergeant Cruz testified that based on his investigation, it became clear to him, in other words, he believed that Buck stabbed Joe. And then we heard through Sergeant Cruz that the whole reason he went back to interview Irene is because Betsy said Buck stabbed Joe. The same exact words he uses to talk about Lee Williams' testimony. So he did say that. What she didn't say is that she'd seen Buck stabbed Joe, but she'd drawn that conclusion and she communicated that with the sergeant. And the issue was being argued at trial really to explain the police investigation, because the argument being made by defense is that the detective had not followed routes he should have followed, had honed in. So this whole thing is really turning out to be an explanation of the investigation, which is why it comes around to focus on what Sergeant Cruz does so much. But the problem is that it was not used just for that. It was used for substantive proof of the truth of the hearsay statements. So the prosecutor becomes a witness. By testifying what Betsy Potter said out of court, the prosecutor can't be cross-examined. Also, in saying that it wasn't likely that the prosecutor's statement misled the jury or could have affected the jury, the court below doesn't talk about all the other instances of prejudice. I mean, this was a retrial. A jury hung on these facts. In fact, Betsy Potter testified at the first trial. So when she testified in person, the jury hung. When the prosecutor and Cruz get to testify on her behalf and she can't be cross-examined, my client is convicted. There's absolutely no forensic evidence at all. You know, you watch any of those TV – We're getting pretty far afield now. So unless you have something else to say specifically with regard to what's before us, we'll hear from the State. Okay. Thank you, Your Honors. Good morning. May it please the Court, my name is Pam Critchfield. I'm with the California Attorney General's Office and I represent Respondent in this case. I think the case boils down to one narrow issue, and that is whether the district court abused its discretion when it denied Petitioner's motion to alter or amend the judgment as to the issue of prosecutorial misconduct. The answer is no. And I would add two points in response to Petitioner's argument. Defense counsel never objected to the prosecutor's argument in this case. So defense counsel also declined a limiting instruction as to Sergeant Cruz's testimony. It declined it immediately, and then when there was jury readback, asked the judge for the instruction, and the judge said no, at that point I'm not going to instruct on something I've already denied. So the fact and defense counsel never impeached Sergeant Cruz with his police report, which as you've noted, Your Honor, was a police report that there's nothing, it was unsworn, and it was based on what he took away from the interviews he had with Betsy Potter, or Betsy Potter, and I believe that he explained that on the defense attorney's cross-examination of him. He explained why he had come to the conclusions he came to about her witnessing of the crime or her recollections of what had happened. In the district court, after the habeas petition was denied, Petitioner filed his motion to amend or alter the judgment, and he failed to show that the district court was clearly erroneous when it denied the writ in the first place. The district court denied the writ because it found that the state court had not, had denied the, and the procedural posture is that this issue was not raised directly in the California Court of Appeal, it was raised in a habeas petition to the California Supreme Court, which was denied summarily. The district court found that the state court's denial was not an unreasonable application, was not contrary to or an unreasonable application of federal law. The motion to amend argued that was clearly erroneous. The motion to amend or alter didn't raise anything new, just argued it was clearly erroneous, and rehashed the argument that it had made in the original memorandum of points and authorities in support of the writ. The district court denied that, noted that it was a rehash of the arguments and denied it. I submit that that is not, there is no abuse of discretion in that denial. And if there are no further questions, I would submit it. There are none. Thank you. The case just argued is submitted. And we will now move to E&J Gallo Winery v. Encana Corporation. We'll pause a minute in place to let the parties reconfigure themselves.
judges: B. Fletcher, Clifton, Ikuta